UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **RACHEL WEEDMAN**<br>615 E Chestnut St.<br>Bellingham, WA 98225<br><br>*Plaintiff*<br><br>v.<br><br>**LEFT COAST ENTERPRISES, INC.**<br>dba La Fiamma Pizza<br>&<br>**VITAMIN G, INC.**<br>dba Fiamma Burger<br>200 E Chestnut St<br>Bellingham, WA 98225<br><br>*Defendants*<br><br>SERVE:<br>Daniel Bothman, registered agent<br>200 E Chestnut St.<br>Bellingham, WA 98225 | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**INTRODUCTION**

1. Defendants Left Coast Enterprises and Vitamin G, Inc., (hereinafter collectively Fiamma), own two restaurants in Bellingham, Washington: La Fiamma Wood Fired Pizza and Fiamma Burger, respectively.

1

2. Despite being broken into two companies, the restaurants constitute a single enterprise.

3. From 2020 until recently, Fiamma illegally supplemented the pay of its owners and managers at the expense of their hourly employees. This was accomplished via a scheme invented by and administered by defendants, whereby managers would participate in tip pools along with regular employees.

4. Investigators at the United States Department of Labor found Fiamma liable for $82,068.68 in tip back wages and an additional $82,068.68 in liquidated damages to affected employees.

5. On information, DOL referred the case for prosecution, however, the DOJ currently has insufficient resources to pursue the case.

6. On information and belief, Fiamma has recently changed its policies and excluded at least some exempt employees and owners from the tip pool, however, it refuses to pay back wages or liquidated damages to employees harmed by its previous unlawful acts.

7. Therefore, plaintiff Rachel Weedman brings this complaint as a collective and class action on behalf of herself and all other similarly situated former or current employees who participated in "tip pools"

at Fiamma at all times previous to the filing of this lawsuit within the applicable statutes of limitations.

## PARTIES

8. Plaintiff Rachel Weedman is a resident of Bellingham, Washington, who worked at Fiamma from 6/5/2022 until 3/31/2023. Ms. Weedman was discharged soon after raising concerns about the illegal tip pooling arrangements at issue in this lawsuit.

9. Defendants Left Coast Enterprises and Vitamin G, Inc., (hereinafter collectively Fiamma), own two restaurants in Bellingham, Washington: La Fiamma Wood Fire Pizza and Fiamma Burger, respectively.

10. The two restaurants are run and managed as a single enterprise, and by virtue of their joint participation in the single enterprise, both are jointly and severally liable for the violations alleged herein.

## JURISDICTION AND VENUE

11. This case was brought under the Fair Labor Standards Act, 28 USC § 201 *et seq*. Therefore jurisdiction is proper in this court. 28 USC § 1331. All relevant acts were committed in the Western District of Washington.

## FACTUAL ALLEGATIONS

12. The factual allegations in this complaint are based on the facts as represented to the Department of Labor by Fiamma during the investigation, and upon the personal knowledge of the Plaintiff.

13. Department Fiamma, by policy, collects tips from customers and distributes them to employees based on hours worked.

14. Ms. Weedman was a server at the La Fiamma Pizza location.

15. Fiamma accepted tips from customers and collected that money into a tip pool.

16. That tip pool was then distributed to employees and managers according to the hours that they worked.

17. The tip pool was shared among approximately 73 servers/cashiers (hereinafter servers) at any time, and approximately 7 managers.

18. According to an investigation by the Department of Labor, the seven managers are not legally eligible to participate in the tip pool under 28 USC § 213(a)(1) because they are managers.

19. The statute of limitations for this claim was tolled during the investigation.

20. The managers' duties included
    a. Hiring employees
    b. Training Employees

    c. Evaluating employees on performance evaluations

    d. Scheduling employees

    e. Handling large sums of cash for bank deposits

    f. Changing security codes

    g. Ordering invantory

    h. Sending communications updates to employees

    i. Disciplining employees

    j. Resolving disputes among employees

    k. Approving and denying leave requets

    l. Handling escalated customer complaints.

21. The managers get paid significantly more per hour than the servers.

22. The DOL found that 71 servers were owed $81,421.54 in back wages for stolen tips as per 28 USC § 203(m)(2)(B) as of the date of their calculations.

23. Fiamma attempted to justify subsiding managers' salaries with their employees' tips by creating a separate payroll code for their managers: they could clock in as "Admin," and would not be eligible to participate in the tip pool for those hours, or they could clock in as "PIC ("person in charge") where they would ostensibly be doing work as a server or cashier and therefore would participate in the tip pool.

24. However, in reality, the managers would, regularly and as a necessary part of their job, be working as managers and would regularly perform various management duties regardless of how they were clocked in.

25. The 7 managers were fully responsible for all day-to-day management of two restaurants.

## Class/Collective Action Allegations

26. Ms. Weedman brings this action on her own behalf and on behalf of all similarly situated persons.

27. The class is defined as all servers and cashiers at Fiamma who participated in the mandatory tip pool within the statute of limitations, whether employed now or in the past. The class excludes managers and any person with an ownership stake in any Fiamma enterprise.

28. There are at least 72 class members, making joinder of all class members impracticable.

29. There are questions of law and fact common to the class, as all servers and cashiers subsidized the managers' wages with their tips according to the same scheme.

30. Plaintiff Rachel Weedman will fairly and adequately represent the class.
    a. She is personally motivated to protect the rights of the class.
    b. Her losses are typical of those of the class.
    c. Her counsel is experienced in class actions, and is committed to vigorously pursing the rights of the absent class members.
    d. She has attempted pre-suit to get Fiamma to pay the wages they owe to all class members, to no avail. She was not interested in settling only her individual claim, but Fiamma would not consider acting on a classwide basis.
31. The claims and defenses related to Ms. Weedman are identical to those of the absent class members.
32. A class action is the most efficient and appropriate means to resolve the issues in this litigation because individual adjudications could establish inconsistent standards of conduct, and because questions of fact and law common to class members predominate over questions affecting individual members.
33. The damages in this case for each class member are mathematically calculable; in fact, a subset of the damages have already been calculated by the Department of Labor.

## COUNT ONE

### Violation of the Fair Labor Standards Act (Collective Action)

### (29 U.S.C. § 203(m)(2)(B))

34. An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips. 29 U.S.C. § 203(m)(2)(B).

35. An "employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee. § 203(d).

36. The persons who were allowed to clock in as "Admin" are managers or supervisors under the standards set out in 29 CFR § 541.100, as further explained at 29 CFR § 541.700.

37. Any employer who violates section 203(m)(2)(B) is liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages.

38. Ms. Weedman brings this case as a collective action under 29 U.S.C. § 216(b).

## COUNT TWO

### Violation of the Washington State Minimum Wage Act

## RCW 49.46.020 (Class Action)

39. RCW 49.46.020(3) states in relevant part that "An employer must pay to its employees: (a) All tips and gratuities."

40. "Employees" does not include any individual employed in a bona fide executive, administrative or professional capacity as defined by the WAC. RCW 49.46.010(3).

41. Under the regulations at WAC 296-128-505, the managers who clocked in as "PIC" are not "employees." Rather, they are "employers" as defined by RCW 49.46.010(4).

42. Fiamma did not pay all tips to its employees, rather, it diverted some of them to the employers as explained in this complaint.

43. RCW 49.58.070 authorizes civil actions against employers for violation of RCW 49.58.020.

44. Under RCW 49.58.070, Ms. Weedman and each class member are entitled to actual damages for the 4 years since the most recent violation, statutory damages equal to actual damages or $5000, whichever is greater, interest at 1 percent per month on all compensation, and attorney's fees.

## **RELIEF REQUESTED**

WHEREFORE, Ms. Weedman, on behalf of herself and all similarly situated persons, request damages in an amount to be proven at trial, plus pre- and post-judgment interest and attorney's fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims presented.

       s/ Daniel Hornal
       Daniel Hornal (WSBA # 56457, DC Bar # 486293)
       Talos Law
       615 E Chestnut St
       Bellingham, WA 98225
       (202) 709-9662
       Daniel@taloslaw.com

       *Attorney for Plaintiff*